**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lance Dale McPherson,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-19-02221-PHX-DWL<br><br>**ORDER** |

On April 3, 2019, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On March 12, 2020, Magistrate Judge Boyle issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 18.) Afterward, Petitioner filed objections to the R&R (Doc. 23), Respondents filed a response (Doc. 24), and Petitioner filed a reply (Doc. 25). For the following reasons, the Court will overrule Petitioner's objections, adopt the R&R, and terminate this action.

I.　Background

*The Underlying Crimes*.  At some point in or after 2009, Petitioner moved into the apartment of L.R., his girlfriend. (Doc. 18 at 1-2.)  L.R. had five children who also lived in the apartment. (*Id.*)  Petitioner was occasionally responsible for looking after those children, as well as the three children of his girlfriend's sister. (*Id.*)

Over a period of three years, Petitioner sexually molested one of his girlfriend's children, S.V., who was only eight years old when the molestation began. (*Id.* at 2.) During

the same period, Petitioner also sexually molested one of his girlfriend's sister's children, M.M., who was also eight years old. (*Id.*) The molestation did not come to light until February 2012, when M.M. reported it to her mother. (*Id.*) When Petitioner's girlfriend became aware of the allegations, she called the police. (*Id.*)

*Trial and Sentencing*. Petitioner was indicted on six counts of sexual conduct with a minor, one count of child molestation, and two counts of attempted child molestation. (*Id.*) At trial, both victims testified. (*Id.* at 13.) "Although there were inconsistencies between the victims' testimony, both victims testified that on multiple occasions [Petitioner] touched their respective private parts, which included digital penetration, and made them touch his private parts." (*Id.*) Additionally, "the jury heard from the victims' mothers, S.V.'s sister, the investigating police officers, and Detective Sonia Stanley, who conducted a forensic interview of the victims." (*Id.*) Petitioner also chose to testify. (*Id.*) There was no physical evidence corroborating the victims' allegations. (*Id.*)

The jury ultimately voted to convict Petitioner on most of the counts. (*Id.* at 2.)

On August 8, 2014, Petitioner's sentencing hearing took place. (*Id.*) Petitioner was sentenced to consecutive terms of imprisonment, including a life sentence. (*Id.*)

*The Direct Appeal*. On April 12, 2015, Petitioner's counsel informed the Arizona Court of Appeals that he could not identify any colorable issues to raise. (*Id.*) Petitioner thereafter filed a *pro per* supplemental brief that raised two issues: (1) whether the trial court improperly dismissed certain jurors while keeping other biased jurors; and (2) whether the trial court erred in denying Petitioner's motion for judgment of acquittal because the evidence was insufficient to support the verdict. (*Id.* at 2-3.)

On July 23, 2015, the Arizona Court of Appeals affirmed. *State v. McPherson*, 2015 WL 4504117 (Ariz. Ct. App. 2015). The Supreme Court later denied review.

*PCR Proceedings*. On March 2, 2016, Petitioner filed a timely notice of post-conviction relief ("PCR"). (*Id.*)

On July 26, 2016, Petitioner's counsel filed a notice stating that he had reviewed the record and found no colorable issues to argue in a PCR petition. (*Id.*)

On November 21, 2016, Petitioner filed a *pro per* PCR petition. (*Id.*)

On August 14, 2017, the PCR court dismissed the PCR petition, finding that the majority of Petitioner's claims (juror misconduct, denial of equal protection, perjured testimony at trial, insufficiency of evidence, judicial bias, structural error, and prosecutorial misconduct) were precluded from review pursuant to Arizona Rule of Criminal Procedure 32.2(a)(2). (*Id.*) The court also found that Petitioner's various claims of ineffective assistance of counsel lacked merit. (*Id.*)

On April 17, 2018, the Arizona Court of Appeals denied relief, concluding that Petitioner had failed to establish that the trial court abused its discretion when denying the PCR petition. (*Id.*)

*The Petition*. On April 3, 2019, Petitioner filed the Petition. (Doc. 1.) It asserts the following eight grounds for relief:

> In Ground One, Petitioner alleges a claim of juror misconduct. In Ground Two, Petitioner alleges that his equal protection rights were violated. In Ground Three, Petitioner alleges that his accuser perjured herself. In Ground Four, Petitioner alleges that the evidence was insufficient to sustain his conviction. In Ground Five, Petitioner alleges that the trial judge was biased against him. In Ground Six, Petitioner alleges a claim of "structural error" when certain jurors were allowed to remain on the jury. In Ground Seven, Petitioner alleges a claim of prosecutorial misconduct. And in Ground Eight, Petitioner alleges that his attorney provided ineffective assistance.

(Doc. 6 at 1-2.)

*The R&R*. The R&R concludes that Grounds Three, Five, Six, and Seven are unexhausted and procedurally defaulted because Petitioner did not raise them in his direct appeal. (Doc. 18 at 11-12, 15-16.)

As for Grounds One and Two (both of which relate to allegations of juror misconduct), the R&R concludes that the Arizona Court of Appeals' rejection of those claims was not clearly unreasonable. (*Id.* at 8-11.)

As for Ground Four (sufficiency-of-the-evidence challenge), the R&R similarly concludes that the Arizona Court of Appeals' rejection of that claim was not clearly unreasonable. (*Id.* at 12-15.)

Finally, as for Ground Eight (ineffective assistance), the R&R concludes that Petitioner has not demonstrated that his trial counsel engaged in deficient performance or that the alleged errors were prejudicial (*id.* at 17-22), that Petitioner's claim of ineffective assistance pertaining to his appellate counsel is unexhausted because he failed to properly raise it in his PCR petition (*id.* at 22-23), and that Petitioner's claim of ineffective assistance pertaining to his PCR counsel "is not cognizable under AEDPA or Supreme Court authority" (*id.* at 23).

II.     Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

- 4 -

III.     Analysis

     A.     **The Parties' Arguments**

In his objections, Petitioner begins by stating that he categorically "objects to all of the recommendations . . . in their entirety" and requests "a stay and abeyance." (Doc. 28 at 1.) However, Petitioner later clarifies that he interprets the R&R as concluding that he "fail[ed] to exhaust state court remedies on all eight grounds asserted" and that the R&R didn't address "whether the claims raised by Petitioner are meritorious on their face." (*Id.* at 4.) With that understanding in mind, Petitioner argues that the R&R's procedural-default analysis is flawed because Rule 32.2 of the Arizona Rules of Criminal Procedure was recently amended, the amended rule "now provides an exception to the preclusion not in existence when the underlying petition was filed," and he intends to capitalize on this new rule by filing a new PCR petition raising "such issues." (*Id.* at 5-6.)

In their response, Respondents argue that (1) the R&R actually reached the merits of four of the claims (Grounds One, Two, Four, and Eight), (2) as to the remaining four claims (Grounds Three, Five, Six, and Seven), those claims remain procedurally defaulted under Rule 32.2 because Petitioner could have raised them in his direct appeal, and (3) Petitioner is not entitled to a *Rhines* stay because he has not attempted to establish good cause for his failure to previously raise claims in state court. (Doc. 24.)

In his reply, Petitioner reiterates his view that the R&R relied solely on procedural/exhaustion grounds when addressing the claims in the Petition: "Nowhere in the Magistrate's R&R does it state a claim was meritless." (Doc. 25 at 1.) Petitioner also renews his argument that the amended version of Rule 32.2 supports his position, but Petitioner does not develop this argument in any further depth. (*Id.* at 2-3.)

     B.     **Discussion**

Petitioner's objections lack merit. As an initial matter, the R&R did not conclude that Grounds One, Two, Four, and Eight should be dismissed due to a failure to exhaust or procedural default. Instead, the R&R concluded that those claims fail on the merits. Petitioner does not raise any objection to that merits analysis—indeed, he does not

acknowledge its existence—so there is nothing for this Court to review. *See, e.g., Thomas,* 474 U.S. at 149-50; *Reyna-Tapia*, 328 F.3d at 1121.

As for Grounds Three, Five, Six, and Seven, Petitioner's interpretation of, and reliance upon, the amended version of Rule 32.2 is misplaced. The R&R correctly concluded that "Arizona Rule of Criminal Procedure 32.2(a)(3) precludes post-conviction relief on any claim that could have been raised on direct appeal" and that "Petitioner's claims do not fall under any of the categories of exceptions under Ariz. R. Crim. P. 32.4(a) and 32.2(b), and as such, federal habeas review of Petitioner's claims is barred." (Doc. 18 at 16.)

Finally, as for Petitioner's request for a *Rhines* stay so he may file a successive PCR petition, that request lacks merit for the reasons explained in Respondents' response.

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 23) are **overruled**.

(2) The R&R's recommended disposition (Doc. 18) is **accepted**.

(3) The Petition (Doc. 1) is **denied and dismissed with prejudice**.

(4) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

(5) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 19th day of August, 2020.

Dominic W. Lanza
United States District Judge